UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ELIJAH BURKE,

                Plaintiff,                Case No. 1:17-cv-92

v.                                                    Honorable Janet T. Neff

GEORGE WILLIAMS G. FURTADO,

                Defendant.
_____/

## **OPINION**

This is an action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous, because there is no possible ground upon which a reasoned argument can be made to sustain jurisdiction.

**Factual Allegations**

Plaintiff Elijah Burke is presently incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility in Coldwater, Michigan. He is serving a life sentence of imprisonment for first-degree murder. Plaintiff is suing George Williams G. Furtado, an attorney, for malpractice. Defendant Furtado represented Plaintiff in a prisoner civil rights action that Plaintiff previously litigated in this Court. *See Burke v. Lawrence*, Case No. 1:11-cv-1044 (W.D. Mich.).

Plaintiff asked the Court to appoint counsel to assist him in proceeding to trial in the prior civil rights action. (Mot. for Appointment of Counsel, Case No. 1:11-cv-1044, PageID.291.) The Court appointed Defendant by order entered April 7, 2014. (Ord., Case No. 1:11-cv-1044, PageID.334.) Plaintiff's claim that the food service director, D. Lawrence, retaliated against him by removing him from his job in violation of the First Amendment was tried before a jury. The jury determined that the food service director had not retaliated against Plaintiff. (Jury Verdict, Case No. 1:11-cv-1044, PageID.509.)

After the verdict, Plaintiff filed a pro se motion for new trial and alleged that his counsel had been ineffective. (Mot. and Notice, Case No. 1:11-cv-1044, PageID.513-523.) Counsel took that as a breakdown in the attorney/client relationship, a relationship that was expected to end following trial anyway per the engagement letter, and sought leave to withdraw. (Mot. to Withdraw, Case No. 1:11-cv-1044, PageID.525-527.) The Court granted that relief. (Ord., Case No. 1:11-cv-1044, PageID.531.) Plaintiff continued to pursue his claims through appeals and through filings in this Court under Case No. 1:11-cv-1044 though November of 2016 to no avail.

Plaintiff then filed a new action against D. Lawrence in this Court, alleging that she had slandered and defamed him when she testified at the trial in the prior civil rights action. *Burke v. Lawrence*, Case No. 1:16-cv-1376 (W.D. Mich.) (Affidavit, Case No. 1:16-cv-1376, PageID.1-3.) On January 10, 2017, the Court dismissed that action for failure to state a claim. (Op. and J., Case No. 1:16-cv-1376, PageID.27-31.)  Two weeks later, Plaintiff filed this action.

Plaintiff alleges that Defendant failed to object to the testimony of D. Lawrence at the trial in the prior civil rights action. Essentially, Plaintiff complains that through that testimony the jury was notified that Plaintiff was imprisoned for murder and, for that reason, became prejudiced against him. Defendant's failure to object, Plaintiff contends, is attorney malpractice under state law.

Plaintiff seeks an award of actual and exemplary damages against Defendant.

**Discussion**

I.   Jurisdiction

"Subject matter jurisdiction is always a threshold determination." *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Plaintiff makes no allegations in support of this Court's jurisdiction over his claims and none is apparent from the claim he raises.

This Court has original diversity jurisdiction over a suit between citizens of different states where the matter in controversy exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff alleges, however, that he and Defendant are residents of Michigan. (Compl., ECF No. 1, PageID.1.)

This Court also has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a case arises under federal law, the Court must assess whether a federal question appears in Plaintiff's statement of his claim. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Plaintiff's allegations against Defendant are straightforward state-law attorney malpractice claims; they do not arise under federal law.[1]

Plaintiff offers no basis for this Court's jurisdiction over the claim as stated and this Court can conceive of no basis. Accordingly, this action is properly dismissed for lack of subject matter jurisdiction. Moreover, because Plaintiff offers no possible ground for this Court's jurisdiction over his state-law malpractice claim, the claim is frivolous. *See Cohen v. Corrections Corp. of America*, 439 F. App'x 489, 491-492 (6th Cir. 2011).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11,

---

[1] The malpractice claim raised here does not "arise under" federal law in either sense of that term: federal law does not create the cause of action asserted nor does the "'state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064-1065 (2013).

unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

    This is a dismissal as described by 28 U.S.C. § 1915(g).

    A Judgment consistent with this Opinion will be entered.


Dated:  __March 8, 2017__       __/s/ Janet T. Neff__
                  Janet T. Neff
                  United States District Judge